**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELIZABETH CRANE,

        Plaintiff,

v.                                  Case No. 3:18-cv-352-J-34MCR

LANDSTAR RANGER, INC., and
STEVEN BRIAN CAMARA,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction.  See <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").[1]  "In a given case, a federal district

_____

[1]    Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases.  See <u>Thermoset Corp. v. Bldg. Materials Corp of Am.</u>, 849 F.3d 1313, 1316-17 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); <u>see also</u> <u>Purchasing Power, LLC v. Bluestem Brands, Inc.</u>, 851 F.3d 1218, 1225-27 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties

court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 13, 2018, Plaintiff Elizabeth Crane commenced the instant action by filing the Complaint (Doc. 1). She alleges that the "Court has subject matter jurisdiction of this controversy, pursuant to 28 U.S.C. § 1332." Id. ¶5. In support of this assertion, Plaintiff alleges that she is a citizen of Florida, id. ¶2, Defendant Steven Brian Camara is a citizen of Texas, id. ¶4, and Defendant Landstar Ranger, Inc. (Landstar) "is a Delaware corporation with its principal place of business located in Jacksonville, Duval County, Florida," id. ¶3.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. For the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

Upon review of the Complaint, the Court finds that the requisite diversity of citizenship is not present in this action. Plaintiff's allegations reflect that Landstar is a citizen of Delaware, where it is incorporated, and Florida, where its principal place of business is located. See Complaint ¶3. However, Plaintiff is also a citizen of Florida. Id.

_____

satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

¶2.   Therefore, Plaintiff has failed to allege that there is complete diversity of citizenship between herself and all Defendants.

Accordingly, it is hereby

**ORDERED:**

1.  This case is **DISMISSED WITHOUT PREJUDICE**.

2.  The Clerk shall enter judgment dismissing this case without prejudice and closing the case.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of March, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc25

Copies to:

Counsel of Record